[No. 2528.  Decided September 11, 1897.]

THE STATE OF WASHINGTON *on the Relation of W. B. Hanna et ux.*, v. SUPERIOR COURT OF THURSTON COUNTY.

SECURITY FOR COSTS — NON–RESIDENT DEFENDANT — AFFIRMATIVE RELIEF — VACATING JUDGMENT.

The order of the court overruling a motion for a cost bond is not matter of complaint, when the court subsequently sustains

an objection to the proceeding in which the cost bond is demanded.

Where judgment against a non-resident defendant has been vacated upon her petition therefor, and an answer filed by her traversing the complaint and seeking affirmative relief against the plaintiffs, the plaintiffs, at that stage of the proceedings, have no right under the statute to demand a cost bond, as the defendant stands in the same position as if she had answered the complaint originally, and her status as defendant would not be affected by her demand for affirmative relief.

*Original Application for Writ of Review.*

*T. N. Allen,* for relators.

*O. V. Linn,* and *Byron Millett,* for respondent.

The opinion of the court was delievered by

DUNBAR, J.—W. B. Hanna and wife brought an action against Charles S. Reeves *et al.,* to foreclose a mortgage on real estate for the payment of certain promissory notes which had been executed by the defendants other than the defendant Esther J. Kasson. The allegation of the complaint was that Mrs. Kasson claimed some interest in the land, and that she was a non-resident of the state; and she was served by publication. After rendition of the judgment, Mrs. Kasson made an application to the court for the vacation of the judgment for reasons which she set forth in her petition, and which were supported by affidavits. The plaintiffs in the action, through their attorney, moved for a cost bond under § 844 of the Code of Procedure, which provides that when a plaintiff in an action resides out of the county or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant. This motion was overruled by the trial court, and said ruling is one of the errors alleged here. The plaintiffs then objected to the manner in which the said Kasson was proceeding, viz.: by affidavit and answer, and the court sus-

tained the objection. Thereupon she filed her petition under the provisions of the code in respect to vacating judgments, and caused summons to be served upon plaintiffs. On the hearing of this petition the court made an order vacating the judgment and giving leave to Mrs. Kasson to answer. She subsequently filed her answer in which, after traversing the allegations of the plaintiffs' complaint, she sought affirmative relief against the plaintiffs. The plaintiffs thereupon moved for a cost bond and the motion was denied, and this writ of review is applied for. It is alleged that the second order denying the motion was error.

It is contended by the relators that this proceeding was brought under title 14 of the Code, instead of § 221, and that under said title 14 the petitioner is made a plaintiff in substance and therefore falls within the provisions of § 844, *supra*. Whether that be true or not, it seems to us, is not important so far as this application is concerned. The overruling of the motion for costs in the first instance did not affect the relators prejudicially, for the court afterwards sustained their objections to the petition and another petition was filed entirely different in substance from the one to which the motion was directed. No motion for costs was made then in that proceeding, viz.: the proceeding in which Mrs. Kasson applied for the vacation of the judgment. That case went to trial without objection on the part of the relators so far as the question of costs is concerned, if we have properly read the record, and the petition to vacate was sustained by the court. Mrs. Kasson then filed her answer, and it was at this stage of the proceeding that the relators moved the second time for a bond for costs. In no event can it be claimed that Mrs. Kasson is a plaintiff in the proceeding which is now before the court, for she stands, so far as that case is concerned, exactly in the same position in which she would

have stood if she had answered the original complaint. The fact that she asked for affirmative relief does not affect in any way the operation of the statute which provides that parties plaintiff in an action, residing out of the county, may be required to furnish a bond for costs to the defendant. This statute cannot be construed beyond its plain provisions. It is not the intention of the law that a nonresident should be called into a court of this state and compelled to appear to protect his rights and then be put to the burden of furnishing bonds for costs for such appearance. As we have before indicated, whatever may have been the correct interpretation of the statute with reference to its application to the petition for vacation, it is plain that in this case the relators are plaintiffs and that Mrs. Kasson is a defendant, and that therefore the statute does not apply.

The writ will be denied.

REAVIS, ANDERS and GORDON, JJ., concur.